IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHRISTOPHER CAPPUCCILLI,**

    **Plaintiff,**

v.                                        No. CV 10-0531 MV/WPL

**METROPOLITAN DETENTION CENTER;**
**CORRECTIONAL MEDICAL SERVICES;**
**RON TORREZ, Jail Administrator;**
**DR. WILLIAM SHANNON,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Christopher Cappuccilli's Motion to Proceed *in forma pauperis* ("IFP"), filed June 1, 2010 (Doc. 3), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

The Court also has a duty under 28 U.S.C. § 1915A(a) to screen cases that inmates – or, as in this case, former inmates – file against governmental entities or their employees "as soon as practicable" to determine if the claims should be dismissed because the action "is frivolous or malicious or fails to state a claim on which relief may be granted; or [] seeks monetary relief against

a defendant who is immune from such relief." § 1915A(b)(1)-(2).

In screening the complaint, the Court resolves the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6).  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level.  In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).  But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint.  Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted). In screening the Complaint, the Court will accept as true Cappuccilli's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Cappuccilli.  *See Kay*, 500 F.3d. at 1217.  But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Although Cappuccilli appears to meet the indigency requirement, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (stating that an individual desiring to proceed without prepaying filing fees or costs must establish that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"), the Court is concerned that, because he claims to pay more money for rent than he receives in SSI benefits, Cappuccilli either has not informed the Court of all of his income and assets or he has not accurately indicated his expenses. The Court reminds Cappuccilli that he is subject to perjury penalties if he is untruthful in a financial affidavit. Because the Court concludes that his Complaint must be dismissed for failure to state a cognizable federal claim as discussed below, however, the Court will not hold a hearing or request proof of Cappuccilli's income or expenses at this time.

Cappuccilli filed this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the Bernalillo County Metropolitan Detention Center ("MDC") and its administrator Ron Torrez, and against Correctional Medical Services ("CMS"), which contracts to provide medical services to inmates held at MDC, and its Medical Director, Dr. William Shannon. Cappuccilli contends that these individuals and entities violated his Eighth-Amendment right to be free from cruel and unusual punishment.

I.      ALLEGATIONS IN THE COMPLAINT

Cappucilli, who is 42 and disabled, alleges that, as a result of unsanitary conditions at the MDC, he contracted M.R.S.A (a staph infection) in his big toe on an unstated date. *See* Complaint at 2. He states that, at first, his requests for medical attention made on unstated dates were ignored, but that an unidentified doctor working for CMS negligently misdiagnosed and treated him for gout on an unstated date. *See id.* at 2-3. He states that, on an unstated date, the MDC sent him to UNM

3

Hospital, where he was properly diagnosed and treated. He contends that, because of the misdiagnosis and delay in treatment, his toe had to ultimately be amputated on an unstated date. *See id.* He seeks a million dollars from the Defendants for pain, permanent disfigurement, and the loss of the capacity to stand for more than 15 minutes. *See id.* at 3.

## II.   APPLICABLE LAW

It has long been established that medical negligence does not provide a basis for liability under § 1983 for violating the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* Applying the "deliberate-indifference" subjective component means that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (holding that, because "inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment," "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment"). The Tenth Circuit has held that deliberate indifference also may be "shown when prison officials have prevented an inmate from receiving recommended treatment"

about which the officials know.  *Ramos*, 639 F.2d at 575.

Liability under § 1983 also cannot rest solely upon an individual's status as a supervisor. Instead, to properly allege supervisory liability, the plaintiff must identify an "affirmative link" between the alleged constitutional deprivation and either the supervisor's "personal participation [in that deprivation], his exercise of control or direction, or his failure to supervise." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (internal quotation marks omitted); *Pierce v. Amaranto*, No. 07-7094, 276 Fed. Appx. 788, 791 (10th Cir. May 1, 2008) (unpublished) (affirming summary judgment in favor of sheriff because bare allegation that sheriff had failed to supervise jailers was insufficient to establish supervisory liability because, "even if a prison official has knowledge of a substantial risk of serious harm to inmates, he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate that risk") (internal quotation marks omitted).  This affirmative link must be alleged in the complaint.  *See Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001).

### III.   ANALYSIS

**1. Cappuccilli does not state an Eighth-Amendment violation**.

Assuming that the unnamed doctor who treated Cappuccilli was negligent in misdiagnosing M.R.S.A., as noted above, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at106.  According to his Complaint, after Cappuccilli complained about his big toe, he was given pain medication and then was later examined and treated by a doctor. *See* Complaint at 2.  He obviously did not know that he had M.R.S.A., and neither did the prison staff or doctors.  Therefore, he has failed to allege facts showing that anyone at the MDC was deliberately indifferent to known, serious medical needs.  There also are no allegations that

Cappuccilli or the medical staff ever alerted Defendants Torrez or Shannon that there were issues regarding Cappuccilli's medical care that they ignored before he was sent to the hospital for diagnosis and further treatment, and no allegations that either of the individual Defendants were personally involved in Cappucilli's care.  Thus, even if the doctor who treated Cappuccilli had been deliberately indifferent to serious medical needs, neither Torrez nor Shannon could be held liable solely on the theory of supervisory liability.  *See Ledbetter*, 318 F.3d at 1187.  Because, under the circumstances of his case, it would be futile to allow Cappuccilli an opportunity to amend his Complaint, his Eighth-Amendment claim shall be dismissed with prejudice.

**2. Cappuccilli has not stated a claim under *Bivens*.**

Cappuccilli has stated no facts indicating that any Defendant is a federal employee, officer, or agent and, therefore, has failed to state a *Bivens* claim.  *See Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a *Bivens* action, [a] plaintiff must allege circumstances sufficient to characterize defendants as federal actors.").

**3. Cappuccilli has omitted essential facts to state a cognizable claim.**

Cappuccilli has not stated any facts indicating when any of the alleged events in this case occurred.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; *when* the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (italics added).

The Court concludes that Cappuccilli's Complaint fails to state a claim and must be dismissed under § 1915(e)(2)(B)(ii).  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).  Accordingly, his motion to proceed IFP must be denied.

**IT IS ORDERED THAT** Cappuccilli's motion to proceed IFP [Doc. 3] is DENIED and that the Complaint is dismissed with prejudice.

**DATED** this 15th day of July, 2010.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff*:

Christopher Cappuccilli
P.O. Box 66943
Albuquerque, NM 87193